IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03555-PAB

LS3 INC., a Maryland corporation,

    Plaintiff,

v.

CHEROKEE FEDERAL SOLUTIONS, L.L.C. an Oklahoma limited liability company, et al.,

    Defendants.

## ORDER TO SHOW CAUSE

The Court takes up this matter *sua sponte* on plaintiff's Complaint [Docket No. 1]. Plaintiff asserts that the Court has subject matter jurisdiction "over [p]laintiff's federal claim pursuant to 28 U.S.C. § 1332 and [p]laintiff's state law claims pursuant to 28 U.S.C. § 1367."[1]  Docket No. 1 at 1, ¶ 1.

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on

---

[1] Given that plaintiff asserts jurisdiction over its state law claims pursuant to the supplemental jurisdiction statute, § 1367, the Court assumes that plaintiff meant 28 U.S.C. § 1331, which governs federal question jurisdiction, and not § 1332, which governs diversity.

their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (quotations and alterations omitted). For a case to arise under federal law within the meaning of § 1331, "the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"

*Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)).

Plaintiff alleges that there is a "federal claim" which provides supplemental jurisdiction over its state law claims. *See* Docket No. 1 at 1. Plaintiff's complaint, however, does not clearly state which claim arises under federal law. One possibility is that plaintiff asserts a misappropriation of trade secrets claim under federal law. However, plaintiff's complaint cites Colorado's exemplary damages statute under the Uniform Trade Secrets Act, not federal law in reference to that claim. *See id.* at 11-12. Plaintiff could also be asserting a federal civil conspiracy claim but, again, plaintiff does not refer to any federal law in its allegations for that claim.[2] *See id.* at 11. As a result, it does not appear from the face of plaintiff's complaint that any of its claims arise under federal law or that the Court has jurisdiction pursuant to 28 U.S.C. § 1331. *See Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., Inc.*, 475 F.2d 262, 264 (10th Cir. 1973) (no federal question jurisdiction when plaintiff's complaint "[did] not invoke any federal laws," "[made] no mention of a federal law," and did not "allege that the cause [arose] under any such law"). This deficiency is particularly detrimental where, as here, plaintiff's complaint does not establish diversity jurisdiction on its face. While plaintiff alleges the principal place of business and place of formation for the various limited liability company defendants, *see* Docket No. 1 at 2, ¶¶ 5-8, the citizenship of a limited liability company is determined not by its state of organization or principal place of

---

[2] Another possibility is that plaintiff at one time intended to include a federal claim, but ultimately omitted it. *See id.* at 1, ¶ 3 (citing 42 U.S.C. § 2000e-5, which contains the Equal Employment Opportunity Commission's enforcement authority to enforce federal employment and labor laws).

business, but by the citizenship of all of its members. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Because the allegations are presently insufficient to allow the Court to determine whether it has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **January 4, 2021**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED December 28, 2020.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge