IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03555-PAB-MEH

LS3 INC., a Maryland corporation,

    Plaintiff,

v.

CHEROKEE FEDERAL SOLUTIONS, L.L.C., an Oklahoma limited liability company, et al.,

    Defendants.

---

### ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte*. Plaintiff asserts that the Court has subject matter jurisdiction "over Plaintiff's federal claim[s] pursuant to both 28 U.S.C. § 1332[1] and 28 U.S.C. § 1331 and Plaintiff's state law claims pursuant to 28 U.S.C. § 1367." Docket No. 21 at 1, ¶ 1.

The Court previously ordered plaintiff to show cause why this case should not be dismissed based on a lack of jurisdiction. Docket No. 19 at 4. Plaintiff responded, arguing that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367. Docket No. 22 at 4. The Court discharged its order to show cause, Docket No. 23, and

---

[1] The Court presumes plaintiff meant that the Court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1332.

proceeded based on a showing of federal question jurisdiction and supplemental jurisdiction under 28 U.S.C. § 1331 and § 1367. Docket No. 54 at 1.[2]

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles

---

[2] Plaintiff filed a status report which argues plaintiff should be allowed to file an amended complaint to address any jurisdictional deficiencies and to address any unresolved deficiencies raised in defendant's motion to dismiss. *See* Docket No. 75 at 5. Pursuant to the Local Rules, however, a "motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document." D.C.COLO.LCivR 7.1(d). Plaintiff has not filed a separate motion seeking to amend its complaint. The Local Rules also require a party seeking to file an amended pleading to attach the proposed amended pleading. D.C.COLO.LCivR 15.1(b). Plaintiff did not do so. The Tenth Circuit has held that "normally a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) ("[C]ases are not to be litigated piecemeal. The court should not have to address repeated 'improvements' to the complaint. When a party faces a motion to dismiss and it believes that it can overcome objections with an amendment to the pleading, it should seek leave to amend at that time."); *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020) ("A district court may deny leave to amend when a plaintiff fails to file a written motion and instead merely suggest[s] she should be allowed to amend if the court conclude[s] her pleadings [a]re infirm." (quotations omitted; alteration in original)).

2

of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted). Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009). "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (quotations and alterations omitted). For a case to arise under federal law within the meaning of § 1331, "the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)).

Plaintiff alleges that there is a "federal claim" which provides supplemental

jurisdiction over its state law claims.  *See* Docket No. 1 at 1.  Plaintiff's complaint states that plaintiff brings a federal claim for misappropriation of trade secrets, and that plaintiff's claim for civil conspiracy arises under federal law.  *Id.* at 13, ¶ 102.  On September 29, 2021, the Court dismissed plaintiff's claims, including its federal claims.  Docket No. 54 at 18.  The Court ruled that plaintiff's federal claim for civil conspiracy should be dismissed because it was only based on stealing trade secrets and no trade secrets existed in this case.  *Id.*, n. 5.  To the extent the Court acknowledged a conspiracy claim based on breach of contract, it was one derivative of plaintiff's state law claim.  *Id.* at 17.  The Tenth Circuit affirmed the Court's dismissal of plaintiff's trade secrets claim and affirmed dismissal of plaintiff's conspiracy claims, except to the extent that plaintiff's conspiracy claims are derivative of plaintiff's breach of contract claim based on a breach of the duty of loyalty.  Docket No. 67 at 15.  The Tenth Circuit remanded for further proceedings.  *Id.*  On September 8, 2022, the mandate issued, returning jurisdiction to this Court.  Docket No. 68.

On October 20, 2022, the Court reinstated the portions of defendants' motions to dismiss that were not foreclosed by the Tenth Circuit's mandate.  Docket No. 69 at 2.  Plaintiff's remaining claims are breach of contract, civil conspiracy, and intentional interference with a contract.  *Id.*  As a result, it does not appear that any of plaintiff's remaining claims arise under federal law.[3]

---

[3] Plaintiff has not argued at any time that the Court should retain supplemental jurisdiction over its state law claims under 28 U.S.C. § 1367 if its federal claims are dismissed, presumably because plaintiff has also alleged diversity jurisdiction.

Plaintiff's amended complaint also alleges the Court has jurisdiction based on 28 U.S.C. § 1332.  Docket No. 21 at 1, ¶ 1.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Plaintiff alleges that it is a citizen of Maryland and that defendants are citizens of Colorado, Oklahoma, and Texas.  Docket No. 21 at 2-5, ¶¶ 4-34.  The facts as presently alleged, however, are insufficient to establish the citizenship of defendants Cherokee Federal Solutions, L.L.C. ("Cherokee Federal"), Cherokee Nation Strategic Programs, L.L.C. ("Cherokee Programs"), and Cherokee Services Group, LLC ("Cherokee Services") (collectively the "Cherokee defendants").

Plaintiff does not identify the citizenship of each Cherokee defendant.  Plaintiff alleges that Cherokee Federal is "an Oklahoma limited liability company" and that it is a "single-member Cherokee Nation limited liability company wholly owned by the Cherokee Nation."  *Id.* at 2, ¶¶ 8-9.  Plaintiff alleges that Cherokee Programs is "an Oklahoma limited liability company with a principal place of business at 777 West Cherokee Street, Corporate Building 2, Catoosa, Oklahoma, 74105," and that Cherokee Programs has one member, Cherokee Nation Businesses, LLC ("Cherokee Nation Businesses"), which has one member, the Cherokee Nation.  *Id.*, ¶¶ 6-7.  Plaintiff alleges that Cherokee Services is "a Cherokee Nations limited liability company with a principal place of business at 777 W. Cherokee Street, Catoosa, Oklahoma 74015," and that Cherokee Services has one member, the Cherokee Nation.  *Id.* at 2-3, ¶¶ 10-11.  Plaintiff alleges that "[t]he Cherokee Nation is a domestic dependent nation located

wholly within the State of Oklahoma." *Id.* at 2, ¶ 5 (quotations omitted).  Plaintiff's response to the Court's order to show cause stated a "[tribal] corporate entity may be considered a citizen of the state of its principal place of business for diversity jurisdiction purposes."  Docket No. 22 at 2, ¶ 5 (quoting *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993)).  Plaintiff also states that the Cherokee defendants "are owned by a Corporate parent (i.e. Cherokee Nation Businesses) that is not a citizen of Maryland." *Id.*, ¶ 4.  There are several problems with plaintiff's allegations on the Cherokee defendants' citizenship.

First, plaintiff argues that that the Cherokee defendants are owned by Cherokee Nation Businesses, *id.*, but the amended complaint only states that Cherokee Nation Businesses is a member of Cherokee Programs.  *See* Docket No. 21 at 2, ¶ 7.  Plaintiff's amended complaint alleges that Cherokee Federal and Cherokee Services are single member LLCs.  *Id.* at 2, 3, ¶¶ 9, 11.  Plaintiff does not explain how Cherokee Nation Businesses owns Cherokee Federal and Cherokee Services without being a member of either.  Therefore, plaintiff has not explained why the citizenship of Cherokee Nation Businesses establishes the citizenship of Cherokee Services or Cherokee Federal.

Second, plaintiff argues that Cherokee Nation Businesses is "not a citizen of Maryland."  Docket No. 22 at 2, ¶ 4.  A negative allegation of citizenship is not sufficient. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125-26 (1st Cir. 2011) (holding that allegations of LLC's citizenship in the negative are insufficient to establish diversity jurisdiction); 13E Charles A. Wright et al., Fed. Prac. & Proc. § 3611

(3d ed. 2009) (updated April 2022) ("Neither is a negative statement that a party is not a citizen of a particular state usually sufficient.").  Plaintiff has failed to allege in its amended complaint or identify in its response to the Court's first order to show cause what the Cherokee defendants' citizenships are.  Allegations that they are not citizens of Maryland is insufficient to establish diversity jurisdiction.

As the Court previously stated, *see* Docket No. 19 at 3-4, unlike a corporation, whose citizenship is determined in part by its state of incorporation, the citizenship of a limited liability company is determined by the citizenship of all of its members.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

The Tenth Circuit has ruled that "Indian tribes are not citizens of any state for purposes of diversity jurisdiction."  *Gaines*, 8 F.3d at 729; *see also Standing Rock Sioux Indian Tribe v. Dorgan*, 505 F.2d 1135, 1140 (8th Cir. 1974) (observing that "an Indian tribe is not a citizen of any state and cannot sue or be sued in federal court under diversity jurisdiction" because tribes fall under "'stateless person' cases which hold that where a party is unable to establish that he is either a citizen of a state or a citizen or subject of a foreign state, no diversity jurisdiction exists in federal court").  "An Indian tribe may become a corporation by being chartered under the Indian Reorganization Act, 25 U.S.C. § [5124].[4]  Such a corporate entity may be considered a citizen of the

---

[4] The Court in *Gaines* cites 25 U.S.C. § 477, which has been recodified as 25 U.S.C. § 5124.

state of its principal place of business for diversity jurisdiction purposes." *Gaines*, 8 F.3d at 729.  Alternatively, a "tribe may also charter a corporation pursuant to its own tribal laws, and such a corporation will be considered a citizen of a state for purposes of diversity jurisdiction." *Id.*

Plaintiff has not alleged that the Cherokee Nation is registered under the Reorganization Act as a corporation.  Docket No. 21 at 2, ¶ 5.  Plaintiff alleges that Cherokee Federal "bills itself as being a group of a 'dozens of companies,'" but plaintiff does not allege that any of the defendants or their members are corporations.  *Id.* at 3, ¶ 12.  Accordingly, plaintiff has not demonstrated the Court has jurisdiction over any of its claims under 28 U.S.C. § 1332.

Because the allegations are presently insufficient to allow the Court to determine whether it has jurisdiction over plaintiff's remaining claims, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)), it is

**ORDERED** that, on or before **March 14, 2023**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED March 7, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge